GARRETT S. LLEWELLYN (SBN 267427)
garrett.llewellyn@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone:  310.284.3880
Facsimile:   310.284.3894

Attorneys for Plaintiff,
Global One Accessories, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL ONE ACCESSORIES, INC., a New York corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>LOOT CRATE, INC. a Delaware corporation, CHRIS DAVIS, an individual,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>(1) **Breach of Contract**<br><br>(2) **Breach of the Implied Covenant of Good Faith and Fair Dealing**<br><br>(3) **Promissory Estoppel**<br><br>(4) **Common Count: Goods Sold and Delivered**<br><br>(5) **Common Count: Open Book Account**<br><br>**[JURY TRIAL DEMANDED]** |

COMPLAINT

## COMPLAINT

Plaintiff Global One Accessories, Inc. ("Global One") hereby submits its Complaint against Defendants Loot Crate, Inc. ("Loot Crate") and Chris Davis ("Davis") (collectively "Defendants") and alleges as follows:

## PRELIMINARY STATEMENT

1.      This lawsuit is necessary because Loot Crate, one of the largest subscription box suppliers in the United States, has repeatedly taken advantage of one of the merchandise vendors that it relies on to create the very products it sells.

2.      For more than a year, Global One supplied Loot Crate with the custom goods, clothing, and merchandise that Loot Crate repackages and sells to its customers via subscription "Loot Boxes" for which it currently charges $24.99 a month plus shipping and handling.  Despite receiving this steady cash flow from its paying subscribers, Loot Crate has repeatedly and consistently failed to honor its contractual obligations to Global One and has failed to pay Global One for the merchandise it re-sells.  Rather than honoring its obligations, Loot Crate and its CEO, Chris Davis, have made, and then quickly broken, numerous repeated promises to pay Global One for the goods it delivered.

3.      To date, **Loot Crate owes Global One $826,736.75**.  On May 10, 2019, Global One made one last attempt to convince Loot Crate to honor its contractual obligations and to pay Global One the money it owes.  Loot Crate declined to do so – thus forcing Global One to initiate this litigation.

## THE PARTIES

4.      Plaintiff Global One is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 7 Shaker Hollow Road, East Setauket, New York, 11733.

5.      Upon information and belief, Defendant Loot Crate is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 3401 Pasadena Avenue, Los Angeles, California 90031.

6.      Upon information and belief, Defendant Chris Davis resides in Los Angeles County, California.

7.      Global One is informed and believes, and based thereon alleges, that at all times herein mentioned, each defendant was the agent, principal and/or employee of each other defendant in the acts and conduct alleged herein and therefore incurred liability to Global One for the acts alleged below.  Global One is further informed and believes, and based thereon alleges, that at all times mentioned, all Defendants acted within the course and scope of their employment and/or said agency.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1), 1391(b)(2), 1391(b)(3), and 1391(d).

## GENERAL ALLEGATIONS

10.      Plaintiff Global One manufactured men's, women's, kids', home, and beauty accessories for some of the biggest brands in the world.

11.      On information and belief, Defendant Loot Crate is a multi-million dollar subscription box service which provides monthly boxes of "geek and gaming related" merchandise to its customers in exchange for a monthly fee.  In 2016, Loot Crate was ranked number one in Inc. 5000's annual ranking of the fastest growing private companies in America.  In its first five years, Loot Crate has delivered over 14 million "crates" to customers in 35 territories across the globe.  Defendant Chris Davis is the co-founder and CEO of Loot Crate.

12.      On or about January 15, 2018, Global One entered into a contract with Loot Crate to provide manufacturing and supply services to Loot Crate.  Attached as

Exhibit 1[1] and, incorporated herein by reference, is a true and correct copy of the Manufacturer/Vender/Supplier Agreement and Handbook (the "Vendor Agreement") between Loot Crate and Global One.

13.     Between September 2, 2018 and the present, Loot Crate submitted and Global One accepted twenty-three Purchase Orders pursuant to Paragraphs 4(a)-(b) of the Vendor Agreement.  Pursuant to Paragraphs 7(a)-(d) of the Vendor Agreement, on information and belief, Loot Crate received, inspected, and accepted the products Global One provided to it pursuant to these Purchase Orders.

14.     Despite ordering, receiving, and accepting goods under the Purchase Orders described above, Loot Crate nevertheless failed to pay Global One the agreed upon purchase price for the goods.  To date, Loot Crate owes Global One $826,736.75 in outstanding payments for these goods.  Attached hereto as Exhibit 2, and incorporated herein by reference, is a true and correct copy of a letter to Defendant Davis setting forth the outstanding amounts that Loot Crate owes to Global One under the Vendor Agreement and the parties' Purchase Orders.

15.     On information and belief, Loot Crate retained third-party Dendera Advisory, LLC to "structure payment plans for some of the company's key vendors."  In July 2018, Loot Crate approached Global One and offered a "payment plan" by which Loot Crate would finally pay its outstanding amounts to Global One.  Nearly a month later, and after several requests for details from Global One, the parties executed their Payment Agreement ("the Payment Agreement"), under which Loot Crate was to make structured payments totaling $1,524,401.00 to Global One.  Attached hereto as Exhibit 3 is a true and correct copy of the Payment Agreement between Loot Crate and Global One.

---

[1] Plaintiff files concurrently with this Complaint an Application to File Exhibit 1 Thereto Under Seal. Loot Crate's form Manufacturer/Vender/Supplier Agreement and Handbook contains a confidentiality provision and, for that reason, Plaintiff has sought leave to file Exhibit 1 to this Complaint under seal. Plaintiff's Complaint expressly incorporates Exhibit 1 (which is attached to the declaration in support of the Application to File Under Seal) by reference.

16.     Despite entering into the Payment Agreement with Global One in August 2018, Loot Crate almost immediately breached its obligations thereunder.  By way of example only, Loot Crate should have paid Global One $118,520.92 on October 19, 2018 and $126,607.28 on November 2, 2018.  Yet, by November 9, 2018 Global One had only received $50,000.  By January 2019, Loot Crate was once again substantially behind on its promised payments to Global One.

17.     On or about March 14, 2019, Defendant Davis, Loot Crate's co-founder and CEO emailed Global One's representatives and again admitted that Loot Crate had not paid Global One for products it had delivered and had breached the Vendor Agreement and the Payment Agreement.  Defendant Davis stated:

> We apologize for the communication during the transition period with Scott and past compliance with the prior payment plan. We are in the middle of a capital raise and will be out of this current tight liquidity situation by July and anticipate being able to make a full pay down by then. If we complete the raise prior we will make every effort to accelerate this plan.  I wanted to make sure we sent you a plan that I can commit to.  Also, I wanted to give your team confidence that you will be paid in full. We have stable recurring revenue from our subscriber base and have been tightly managing operating expenses until we get through the current payables crunch. It is my priority to make you and our other partners whole ASAP.  I'm happy to speak with anyone from your team to chat through the business and any questions around our plan.

Attached hereto as Exhibit 4, and incorporated herein by reference, is a true and correct copy of the email correspondence between Chris Davis and Global One's representatives.

18.     Pursuant to Defendant Davis' email, Loot Crate promised to make payments to Global One according to the following schedule:

| Amount | Date |
|--------|------|
| $50,000 | 4/5 |

| | |
|---|---|
| **$50,000** | 4/19 |
| **$50,000** | 5/3 |
| **$50,000** | 5/17 |
| **$50,000** | 6/7 |
| **$50,000** | 6/14 |
| **Balance Paydown ~$500k** | 7/12 |

19.     Despite these representations from its CEO, Loot Crate has not paid Global One as set forth above.

## <u>FIRST CAUSE OF ACTION</u>

### (Breach of Contract)

### (All Defendants)

20.     Global One reasserts and incorporates herein by reference the allegations set forth above, the terms of the Vendor Agreement, the Purchase Orders thereunder, the Payment Agreement, and Davis's March 14, 2019 promised payment schedule (collectively, Loot Crate's "Contractual Obligations").  Global One further incorporates by reference Exhibits 1 through 4 to this Complaint.

21.     Global One and Loot Crate entered into valid contracts, the Contractual Obligations, wherein Global One agreed to sell and Loot Crate agreed to purchase certain, goods, wares, and merchandise.

22.     Under the Vendor Agreement, Loot Crate submitted and Global One accepted more than twenty Purchase Orders.  These Purchase Orders include, *inter alia*, Purchase Order Nos. 3545, 3759, 3793, 3493, 3860, 3821, 3806, 3904, 3590, 3981, 4104, 4051, 4066, 4101, 4084, 4044, 4438, 4458, 4544, and 4546.  Global One has shipped and Loot Crate has accepted all goods contemplated by the parties' Purchase Orders.

23.     Defendants are indebted to Global One in the amount of $826,736.75 for goods sold and delivered to Defendants on Defendants' request pursuant to the Purchase Orders set forth above and evidenced in Exhibit 2.

24.     Global One has performed all of the terms and conditions required of it under the Contractual Obligations except as excused by Defendants' breaches.

25.     Defendants have breached the Contractual Obligations by, *inter alia*, failing to timely pay for the goods they received and accepted under the Purchase Orders set forth above.

26.     Global One has demanded payment of the amount owing by Defendants but Defendants have not paid this amount and the amount is due and payable from Defendants to Global One.

27.     As a result of its breaches of the Contractual Obligations, Defendants have damaged Global One in an amount in excess of $75,000, the exact amount to be proven at trial.

## SECOND CAUSE OF ACTION
### (Breach of The Implied Covenant of Good Faith and Fair Dealing)
### (All Defendants)

28.     Global One reasserts and incorporates herein by reference the allegations set forth above, the terms of the Vendor Agreement, the Purchase Orders thereunder, the Payment Agreement, and Davis's March 14, 2019 promised payment schedule (collectively, Loot Crate's "Contractual Obligations").  Global One further incorporates by reference Exhibits 1 through 4 to this Complaint.

29.     Implicit in the Contractual Obligations between Global One and Loot Crate was a covenant that Defendants would act in good faith at all times to ensure that Global One received the benefits of the Contractual Obligations.

30.      Defendants breached this implied covenant of good faith and fair dealing by depriving Global One of the benefits of the Contractual Obligations to which Global One was entitled including, but not limited to by: (1) failing to timely pay Global One for goods it provided to Loot Crate; (2) by promising and then failing to pay the amounts due under the Contractual Obligations via the payment plans set forth more fully above; (3) by unlawfully and unjustly retaining the goods and merchandise Global One provided under the Contractual Obligations without paying for them.

31.      Global One has been damaged as a result of Defendants' breaches in an amount in excess of $75,000, the exact amount to be proven at trial.

## THIRD CAUSE OF ACTION

### (Promissory Estoppel)

### (All Defendants)

32.      Global One reasserts and incorporates herein by reference the allegations set forth above, the terms of the Vendor Agreement, the Purchase Orders thereunder, the Payment Agreement, and Davis's March 14, 2019 promised payment schedule (collectively, Loot Crate's "Contractual Obligations").  Global One further incorporates by reference Exhibits 1 through 4 to this Complaint.

33.      As set forth above, Defendants made a clear and unambiguous promise to Global One to pay the $826,736.75 owed and due to Global One on Purchase Order Nos. 3545, 3759, 3793, 3493, 3860, 3821, 3806, 3904, 3590, 3981, 4104, 4051, 4066, 4101, 4084, 4044, 4438, 4458, 4544, and 4546 via the terms of the Contractual Obligations set forth above.

34.      Global One reasonably and justifiably relied on Defendants' promises to pay these outstanding amounts.  As such, Global One agreed to defer commencing this action to recover these amounts and was further deprived of the use of the funds owed and due to it.  To date, Defendants have failed to satisfy their obligations under the Contractual Obligations.

35.     Global One's reliance on Defendants' promises was a substantial factor in causing Global One harm as alleged herein.

36.     As a result of their conduct alleged above, Defendants have damaged Global One in an amount in excess of $75,000, the exact amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### (Common Count: Goods Sold and Delivered)

### (All Defendants)

37.     Global One reasserts and incorporates herein by reference the allegations set forth above, the terms of the Vendor Agreement, the Purchase Orders thereunder, the Payment Agreement, and Davis's March 14, 2019 promised payment schedule (collectively, Loot Crate's "Contractual Obligations").  Global One further incorporates by reference Exhibits 1 through 4 to this Complaint.

38.     Defendants became indebted to Global One within the last two years in the amount of $826,736.75 for goods and merchandise sold and delivered to Defendant pursuant to Purchase Order Nos. 3545, 3759, 3793, 3493, 3860, 3821, 3806, 3904, 3590, 3981, 4104, 4051, 4066, 4101, 4084, 4044, 4438, 4458, 4544, and 4546.

39.     Defendants have not paid the $826,736.75 owed and due to Global One on Purchase Order Nos. 3545, 3759, 3793, 3493, 3860, 3821, 3806, 3904, 3590, 3981, 4104, 4051, 4066, 4101, 4084, 4044, 4438, 4458, 4544, and 4546, though demand for payment in full has been made.  As such, there is now due, owing, and unpaid from Loot Crate to Global One $826,736.75 plus interest at the applicable legal rate.

## FIFTH CAUSE OF ACTION

### (Common Count: Open Book Account)

### (All Defendants)

40.     Global One reasserts and incorporates herein by reference the allegations set forth above, the terms of the Vendor Agreement, the Purchase Orders thereunder, the Payment Agreement, and Davis's March 14, 2019 promised payment schedule

(collectively, Loot Crate's "Contractual Obligations").  Global One further incorporates by reference Exhibits 1 through 4 to this Complaint.

41.     Between September 2, 2018 and the present Defendants became indebted to Global One on an open book account for money due in the sum of $826,736.75 for goods and merchandise sold and delivered to Defendant pursuant to Purchase Order Nos. 3545, 3759, 3793, 3493, 3860, 3821, 3806, 3904, 3590, 3981, 4104, 4051, 4066, 4101, 4084, 4044, 4438, 4458, 4544, and 4546.  A summary of the open book account/account stated is attached hereto as Exhibit 2.

42.     Defendants have breached the open book account by failing to timely remit payment and the accrued balance of $826,736.75 (or other such amount according to proof at trial) for the goods and merchandise provided to Defendants as set forth above, which is still due, owing and paid.

43.     As a direct result of Defendants' breach of the open book account, Global One has incurred costs and attorneys' fees in the preparation, filing, and prosecution of this action.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Global One prays for judgment as follows:

1.  An award of damages in excess of $75,000 in an exact amount to be proven at trial;

2.  Prejudgment interest at the applicable legal rate;

3.  Post-judgment interest at the applicable legal rate;

4.  Attorneys' fees and costs;

5.  Costs and expenses as allowed by law;

6.  For such other and further relief as the Court deems just and proper.

Dated:  May 29, 2019                          **BARNES & THORNBURG LLP**


By: /s/ Garrett S. Llewellyn
      Garrett S. Llewellyn
      Attorneys for Plaintiff
      Global One Accessories, Inc.

## __DEMAND FOR JURY TRIAL__

Plaintiffs hereby demand a jury trial on all issues herein.

Dated:  May 29, 2019                    **BARNES & THORNBURG LLP**


By: /s/ Garrett S. Llewellyn
    Garrett S. Llewellyn
    Attorneys for Plaintiff
    Global One Accessories, Inc.

# [EXHIBIT 1 FILED UNDER SEAL]

# EXHIBIT 2

# BARNES & THORNBURG LLP

225 South Sixth Street, Suite 2800
Minneapolis, MN 55402-4662 U.S.A.
(612) 333-2111
Fax (612) 333-6798

www.btlaw.com

Felicia J. Boyd
612-367-8729
felicia.boyd@btlaw.com

May 10, 2019

Chris Davis
CEO/Co-Founder
Loot Crate
3401 Pasadena Avenue
Los Angeles, CA 90031

RE:     Ongoing Non-Payment of Invoices for Delivered Products

Dear Mr. Davis:

We are counsel to Global One Accessories, Inc.("Global One").  As you are aware, Loot Crate has received, and not paid for, close to $1 million dollars in products.  Attached hereto as Exhibit A is a copy of a spreadsheet detailing the amounts due to Global One on a purchase order by purchase order basis.

Global One has tried hard to accommodate Loot Crate's desire to pay the amounts due to Global One over a period of time.  Despite your promises of payment, Loot Crate has failed to make even a single payment on the plan it proposed.  Loot Crate's bad faith is underscored by its refusal to respond to Global One's repeated communications about non-payment.  At this time Global One has no choice but to proceed with litigation against Loot Crate to secure the funds due.  Global One is a small company that is in no position to act like a bank for Loot Crate's operations.  We demand, therefore, the immediate payment of all sums due Global One, *i.e.* $ 826,736.75.  Absent payment or a satisfactory response in the next 7 days, Global One will commence action against Loot Crate.

Sincerely,

BARNES & THORNBURG LLP

Felicia J. Boyd

Atlanta   California   Chicago   Delaware   Indiana   Michigan   Minneapolis   Ohio   Texas   Washington, D.C

Loot Crate PO's

| PO # | Amount | Paid (Y/N) | Not received | Received |
|---|---|---|---|---|
| 3490 | $82,500.00 | Y | | $82,500.00 |
| 3566 | $304,500.00 | Y | | $304,500.00 |
| 3535 | $35,856.00 | Y | | $35,856.00 |
| 3545 | $271,250.00 | Partial Payment | $12,287.94 | $258,962.06 |
| 3759 | $31,950.00 | N | $31,950.00 | |
| 3793 | $199,500.00 | N | $199,500.00 | |
| 3493 | $15,525.00 | N | $15,525.00 | |
| 3860 | $79,440.00 | N | $79,440.00 | |
| 3821 | $48,000.00 | N | $48,000.00 | |
| 3806 | $29,250.00 | N | $29,250.00 | |
| 3904 | $71,060.00 | N | $71,060.00 | |
| 3590 | $60,000.00 | Partial Payment | $25,000.00 | $35,000.00 |
| 3981 | $105,000.00 | Partial Payment | $70,000.00 | $35,000.00 |
| 4104 | $32,045.00 | Partial Payment | $21,363.32 | $10,681.68 |
| 4051 | $35,750.00 | Partial Payment | $23,833.32 | $11,916.68 |
| 4066 | $20,625.00 | Partial Payment | $13,750.00 | $6,875.00 |
| 4101 | $37,950.00 | Partial Payment | $27,600.00 | $10,350.00 |
| 4084 | $51,000.00 | Partial Payment | $37,090.92 | $13,909.08 |
| 4044 | $13,200.00 | Partial Payment | $10,560.00 | $2,640.00 |
| 4438 | $32,126.25 | N | $32,126.25 | |
| 4458 | $40,500.00 | N | $40,500.00 | |
| 4544 | $36,400.00 | N | $36,400.00 | |
| 4546 | $1,500.00 | N | $1,500.00 | |
| | $1,634,927.25 | | $826,736.75 | $808,190.50 |

# EXHIBIT 3

# PAYMENT AGREEMENT

THIS PAYMENT AGREEMENT (this "Agreement") is made as of _____, 2018, by and between Loot Crate, Inc. ("Loot Crate") and Global One Accessories, LLC. ("Payee").

## Recitals

WHEREAS, as of the date hereof, the parties have agreed to resolve payment terms with respect to certain outstanding sums payable by Loot Crate to Payee (the "Obligations") as set forth on Schedule 1 attached hereto; and

WHEREAS, the parties have determined to enter into this Agreement in order to provide Loot Crate with a modified specific schedule and terms on which to pay the Obligations all on the terms and conditions set forth herein.

NOW, THEREFORE, the parties, for good and valuable consideration, including the respective covenants, promises, and releases set forth herein, hereby agree as follows:

1.      Scheduling the Obligations.  Loot Crate and Payee have agreed that the entire sum of the Obligations, whether in "Outstanding Payables" as set forth in Schedule 1 or in "Open PO's" as set forth in Schedule 1, shall be satisfied on the payment dates and in the amounts set forth therein.

2.      Binding Effect of Recitals.   The above Recitals are incorporated into this Agreement by reference and are material terms of this Agreement.

3.      Obligations Termination and Release.  Payee hereby acknowledges and agrees that, with effect on and after payment in full of the Obligations as set forth herein, the Obligations shall be automatically discharged and terminated and that Loot Crate and its affiliates, and their respective officers, directors, shareholders, employees, managers, partners, managing members, representatives, agents and advisors, shall be released from any further claim of any liability with respect to the Obligations; provided, however, that the foregoing shall not release or waive any provision of this Agreement or affect any of the Payee's rights to enforce any provisions of this Agreement. Any obligations of Loot Crate to Payee that are not expressly set forth as an Obligation subject to this Agreement, including any purchase orders not made subject to this Agreement or issued after the date hereof, shall not be subject to this Agreement and shall remain in force and effect in accordance with the terms thereof.

4.      Representations and Warranties. Each party represents and warrants that (a) it has the full power and authority to enter into and perform this Agreement; and (b) such Party has executed this Agreement voluntarily, knowingly, and without coercion.

5.      Entire Agreement. This Agreement contains the entire agreement between the parties relating to the payment of the Obligations under this Agreement and supersedes any prior or contemporaneous agreements, arrangements, and understandings between the parties on the subject matter hereof. No representation, promise or inducement has been made by a party that is not embodied in this Agreement and no Party shall be bound by, or liable for, any alleged

representation, promise or inducement not so set forth.

6.      Construction. The language of this Agreement shall be construed as a whole according to its fair meaning, and none of the parties hereto shall be deemed the draftsman of this Agreement or any part hereof, for purposes of any litigation which may arise hereafter between them, since all parties were assisted by their counsel in reviewing and agreeing thereto, and no ambiguity shall be resolved against any party by virtue of its participation in the drafting of this Agreement. If any provision or portion of this Agreement shall be held for any reason to be unenforceable or illegal, that provision shall be severed from this Agreement and the remainder of the Agreement shall remain valid and enforceable between the parties just as if the provision held to be illegal or unenforceable had never been included herein. Headings and captions are inserted herein only as a matter of convenience and for reference, and in no way define, limit or describe the scope of this Agreement or the intent of any provision herein.

7.      General. This Agreement may not be modified or amended in full or in part except by a written instrument signed by both parties. No rights under this Agreement may be waived, unless such waiver is executed in writing by the party making such waiver. No such waiver shall be deemed a waiver of any other right or of the same right on any subsequent occasion. This Agreement shall be governed by and construed in accordance with laws and judicial decisions of the State of California, without regard to its principles of conflicts of laws. The p[arties hereby agree to bring any action related to this Agreement exclusively in the state or federal courts located in Los Angeles, CA. This Agreement shall be binding upon the parties and their respective heirs, representatives, successors and assigns. All of the covenants and agreements herein contained in favor of the parties are for the express benefit of each and all of them.

8.      Execution in Counterparts and Electronic Signatures. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. This Agreement may be executed with signatures transmitted via facsimile, email or other electronic means, which shall be deemed to have the same force and effect as original signatures.

[REMAINDER OF PAGE LEFT BLANK]

2

IN WITNESS WHEREOF, the parties have caused this Agreement to be duly executed and delivered as of the day and year first above written.

LOOT CRATE, INC.

By: _____

Name:

Title:

GLOBAL ONE ACCESSORIES, LLC

By: _____

Name:

Title: _Owner_

3

## SCHEDULE 1

### TOTAL OBLIGATIONS SUBJECT TO AGREEMENT:

(1) **Total Outstanding Payables:**   $   1,168,831.00
(2) **Total Open POs:**   $   355,570.00

### TOTAL OBLIGATIONS:   $   1,524,401.00

| Payment Date | Bills/Pos | PO3590 | PO3981 | PO4104 | PO4051 | PO4066 | PO4101 | PO4084 | PO4044 | Total Payment |
|---|---|---|---|---|---|---|---|---|---|---|
| September 7, 2018 | 97,402.58 | 5,000.00 | | | | | | | | 102,402.58 |
| September 21, 2018 | 97,402.58 | 5,000.00 | | | | | | | | 102,402.58 |
| October 5, 2018 | 97,402.58 | 5,000.00 | | | | | | | | 102,402.58 |
| October 19, 2018 | 97,402.58 | 5,000.00 | 8,750.00 | 2,670.42 | 2,979.17 | 1,718.75 | | | | 118,520.92 |
| November 2, 2018 | 97,402.58 | 5,000.00 | 8,750.00 | 2,670.42 | 2,979.17 | 1,718.75 | 3,450.00 | 4,636.36 | | 126,607.28 |
| November 16, 2018 | 97,402.58 | 5,000.00 | 8,750.00 | 2,670.42 | 2,979.17 | 1,718.75 | 3,450.00 | 4,636.36 | 1,320.00 | 127,927.28 |
| November 30, 2018 | 97,402.58 | 5,000.00 | 8,750.00 | 2,670.42 | 2,979.17 | 1,718.75 | 3,450.00 | 4,636.36 | 1,320.00 | 127,927.28 |
| December 14, 2018 | 97,402.58 | 5,000.00 | 8,750.00 | 2,670.42 | 2,979.17 | 1,718.75 | 3,450.00 | 4,636.36 | 1,320.00 | 127,927.28 |
| December 28, 2018 | 97,402.58 | 5,000.00 | 8,750.00 | 2,670.42 | 2,979.17 | 1,718.75 | 3,450.00 | 4,636.36 | 1,320.00 | 127,927.28 |
| January 18, 2019 | 97,402.58 | 5,000.00 | 8,750.00 | 2,670.42 | 2,979.17 | 1,718.75 | 3,450.00 | 4,636.36 | 1,320.00 | 127,927.28 |
| February 1, 2019 | 97,402.58 | 5,000.00 | 8,750.00 | 2,670.42 | 2,979.17 | 1,718.75 | 3,450.00 | 4,636.36 | 1,320.00 | 127,927.28 |
| February 15, 2019 | 97,402.62 | 5,000.00 | 8,750.00 | 2,670.42 | 2,979.17 | 1,718.75 | 3,450.00 | 4,636.36 | 1,320.00 | 127,927.32 |
| March 1, 2019 | | | 8,750.00 | 2,670.42 | 2,979.17 | 1,718.75 | 3,450.00 | 4,636.36 | 1,320.00 | 25,524.70 |
| March 15, 2019 | | | 8,750.00 | 2,670.42 | 2,979.17 | 1,718.75 | 3,450.00 | 4,636.36 | 1,320.00 | 25,524.70 |
| March 29, 2019 | | | 8,750.00 | 2,670.38 | 2,979.13 | 1,718.75 | 3,450.00 | 4,636.40 | 1,320.00 | 25,524.66 |
| **TOTALS:** | 1,168,831.00 | 60,000.00 | 105,000.00 | 32,045.00 | 35,750.00 | 20,625.00 | 37,950.00 | 51,000.00 | 13,200.00 | 1,524,401.00 |

| Invoices Covered Above | Amount Under the Invoice |
|---|---|
| 18-8SHAW | $82,500.00 |
| 18-9SHAW | $304,500.00 |
| 18-10SHAW | $35,856.00 |
| 18-11SHAW | $271,250.00 |
| 18-12SHAW | $31,950.00 |
| 18-13SHAW | $199,500.00 |
| 18-15SHAW | $15,525.00 |
| 3860 | $79,440.00 |
| 3821 | $48,000.00 |
| 3806 | $29,250.00 |
| 3904 | $71,060.00 |
| **TOTAL:** | **$1,168,831.00** |

| POs Covered Above | Amount Under the PO |
|---|---|
| 3590 | $60,000.00 |
| 3981 | $105,000.00 |
| 4051 | $35,750.00 |
| 4066 | $20,625.00 |
| 4044 | $13,200.00 |
| 4084 | $51,000.00 |
| 4101 | $37,950.00 |
| 4104 | $32,045.00 |
| | |
| | |
| **TOTAL:** | **$355,570.00** |

In connection with the above, Loot Crate shall use all commercially reasonable efforts to remain current on all newly issued bills and orders that are not subject to the above, on the terms of payment established in the relevant purchase order for such bill.

4

# EXHIBIT 4

# Redacted - Attorney Client Privilege

**From:** Brandon Michaels
**Sent:** Sunday, May 5, 2019 1:57 PM
**To:** Leslie Bromley; Christopher Davis <chris@lootcrate.com>; Christine.Chang@lootcrate.com
**Subject:** Re: LC Revised Payment Plan
**Importance:** High

Chris,
Christine,

Good afternoon. This Tuesday will be two weeks since we spoke. You said that you would have some information in a couple of weeks. Can you please tell me where we stand on getting payments going?

Brandon Michaels
VP of Sales and Licensing
Global One Accessories a Div of Weihai Luda
16 W 32nd St Suite 1107
New York, NY 10001
O: 646.649.3092
C: 917.242.5260

This e-mail is intended for the person(s) to whom it is addressed and may contain information, which is PRIVILEGED or CONFIDENTIAL. Any unauthorized use, distribution, copying or disclosure by any person other than the addressee(s) is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately by return mail and delete the message and any attachments from your system

**From:** Leslie Bromley <leslie.bromley17@gmail.com>
**Date:** Thursday, May 2, 2019 at 3:54 PM
**To:** "Christopher Davis <chris@lootcrate.com>" <chris@lootcrate.com>, "Christine.Chang@lootcrate.com" <Christine.Chang@lootcrate.com>
**Cc:** Brandon Michaels <brandon.michaels@whluda.com>
**Subject:** RE: LC Revised Payment Plan


 Hello Chris and Christine,

I am following up on the  below payment plan that was detailed in March.  Brandon has shared that he has unsuccessfully attempted to get resolution to the outstanding payment.  I have left vm for both of you wanting to understand viability and timing to pay for the goods that Weihai Luda/Global One manufactured for Loot Crate.

Noted rates changed on subscription boxes May 1, 2019 from $19.99 to $24.99.  I am making the assumption that this was to provide additional revenue to support business operations.  Brandon has summarized all outstanding invoices and communication to support resolution of this outstanding issue.  Global One/Weihai Luda is not a large corporation and the this financial situation has created a tremendous stress on the financials of our company.  It is important that you honor your commitment to make good on your commitment.

Thank  you for returning my call to enable us to determine the right course of action.


Regards,
Leslie Bromley



**From:** Christopher Davis <chris@lootcrate.com>
**Date:** Thursday, March 14, 2019 at 12:12 AM
**To:** Brandon Michaels <brandon.michaels@whluda.com>
**Subject:** Revised Payment Plan

Hi Brandon,

We apologize for the communication during the transition period with Scott and past compliance with the prior payment plan. We are in the middle of a capital raise and will be out of this current tight liquidity situation by July and anticipate being able to make a full pay down by then. If we complete the raise prior we will make every effort to accelerate this plan.

I wanted to make sure we sent you a plan that I can commit to.

Also, I wanted to give your team confidence that you will be paid in full. We have stable recurring revenue from our subscriber base and have been tightly managing operating expenses until we get through the current payables crunch. It is my priority to make you and our other partners whole ASAP.

I'm happy to speak with anyone from your team to chat through the business and any questions around our plan.

| Amount | Date |
|---|---|
| $50,000 | 4/5 |
| $50,000 | 4/19 |
| $50,000 | 5/3 |
| $50,000 | 5/17 |
| $50,000 | 6/7 |
| $50,000 | 6/14 |
| Balance Paydown ~$500k | 7/12 |

Best,

--
**Chris Davis**
Loot Crate | CEO/Co-Founder | M: 408.464.0111
3401 Pasadena Avenue, Los Angeles, CA 90031